**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CORY R. BALLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-01050-MTS |
| | ) |
| DR. ROBERT REITZ and | ) |
| DENISE HACKER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Plaintiff Cory R. Ballard for leave to proceed in forma pauperis in this civil action. Upon consideration of the motion and the financial information provided in support, the Court concludes that Plaintiff is unable to pay the filing fee. The Court therefore grants the motion. Additionally, the Court directs the Clerk to issue service of process upon the Complaint.

### Legal Standard

Courts are required to review complaints filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). Courts must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). *See also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a civil detainee at the Sexual Offender Rehabilitation and Treatment Services ("SORTS") facility in Farmington, Missouri.  He filed the complaint against Dr. Robert Reitz,

Deputy Division Director for Psychiatric Facilities; and Denise Hacker, Chief Operations Officer of the Southeast Missouri Mental Health Center.  Plaintiff identifies the defendants as employees of the Missouri Department of Mental Health, and sues them in their individual and official capacities.  Plaintiff sets forth his claims and supporting allegations in pages attached to the Complaint, each of which bears the heading "Statement of 42 U.S.C. section 2000-cc Claim." Doc. [1-4] at 1-7. Briefly, Plaintiff alleges as follows.

With the assistance of his pastor, and after obtaining facility approval, Plaintiff arranged to buy a "Hebrew-Greek Key Word Study Bible" (also "Bible"). *Id.* at 1.  Plaintiff clearly expresses his religious belief, and explains the Bible's important role in his religious exercise.  When the Bible was not delivered to him as expected, Plaintiff inquired.  He was told he would not be allowed to keep the Bible with him in the ward because it contained foreign languages, and taught foreign languages.  Plaintiff used his facility's grievance process to seek accommodations that would allow him to keep the Bible in his possession.  On April 26, 2023, Hacker responded to Plaintiff's grievance by stating that she concurred with the decision that Plaintiff could not keep the Bible in his possession.  Plaintiff later received a "final determination" from Reitz stating the same decision.  Doc. [1-4] at 4. Plaintiff provides a copy of a letter he received from Reitz affirming the decision that Plaintiff's Bible had to remain "in the corporate cabinet."  Doc. [1-5].

In a section titled "Relief Requested," Plaintiff asks the Court to order the defendants to accommodate his religious free exercise by allowing him to possess and use certain religious tools and materials, and to arrange for an additional two hours per week to study as a group. *Id.* at 8.

## Discussion

Plaintiff specifies that he brings his claims pursuant to "42 U.S.C. section 2000-cc," which is a citation to the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §

3

2000cc *et seq*. The RLUIPA creates a private cause of action that allows an individual to "obtain appropriate relief against a government." 42 U.S.C. § 2000cc–2(a). It provides, in relevant part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). "Government" is defined as (1) a State, county, municipality, or State-created governmental entity; (2) any branch, department, agency, instrumentality, or official thereof; and (3) "any other person acting under color of State law." 42 U.S.C. § 2000cc–5(4). In this case, having thoroughly reviewed and liberally construed the Complaint, the Court concludes that Plaintiff has pleaded a plausible RLUIPA claim against Defendants Reitz and Hacker. The Court will therefore require Defendants to respond to the Complaint.

Plaintiff has also filed a motion to appoint counsel. An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his claims, the existence of

4

conflicting testimony, and the complexity of the legal arguments.  *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no indication that Plaintiff is incapable of representing himself, nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel, and it is too early to tell whether there will be conflicting testimony.  However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [4], is **DENIED** without prejudice.

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the Complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to Defendants Robert Reitz and Denise Hacker.

Dated this 11th day of October, 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE