## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CORY R. BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-cv-01050-MTS |
| | ) | |
| DR. ROBERT REITZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Robert Reitz's Motion to Dismiss, Doc. [9], which seeks dismissal of the claim against him in his individual capacity in Plaintiff's action under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1.  *See* Fed. R. Civ. P. 12(b)(6) (permitting a motion to dismiss for failure of the complaint to state a claim upon which relief can be granted); *see also Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010) (discussing the motion to dismiss standard).  For the reasons stated herein, the Court will grant the Motion.

\*       \*       \*

Plaintiff is a civil detainee at Southeast Missouri Mental Health Center's Sex Offender Rehabilitation and Treatment Services program in Farmington, Missouri.  He filed this action against Dr. Robert Reitz, Deputy Division Director for Psychiatric Facilities, and Denise Hacker, Chief Operations Officer of the Southeast Missouri Mental Health Center. Plaintiff identifies Defendants as employees of the Missouri Department of Mental Health and asserts he brings his claims against them in both their individual and official capacities. Plaintiff sets forth his claims and supporting allegations in pages attached to the Complaint,

each of which bears the heading "Statement of 42 U.S.C. section 2000-cc Claim."  Doc. [1-4] at 1–7.

Plaintiff alleges that, with the assistance of his pastor, and after obtaining facility approval, Plaintiff arranged to buy a "Hebrew-Greek Key Word Study Bible."  *Id.* at 1. Plaintiff plainly expresses his religious belief and explains this Bible's important role in his religious exercise.  After he did not receive the Bible as expected, Plaintiff inquired.  A ward staff member informed Plaintiff that he would not be allowed to keep the Bible with him in the ward because it contained and taught foreign languages.  Plaintiff used his facility's grievance process to seek accommodations that would allow him to keep the Bible in his possession.  On April 26, 2023, Hacker responded to Plaintiff's grievance by stating that she concurred with the decision that Plaintiff could not keep the Bible in his possession.  Plaintiff later received a "final determination" from Reitz stating the same decision.  Doc. [1-4] at 4. Plaintiff attached a copy of a letter he received from Reitz affirming the decision that Plaintiff's Bible had to remain "in the corporate cabinet."  Doc. [1-5].  In a section titled "Relief Requested," Plaintiff asks the Court to order Defendants to accommodate his religious free exercise by allowing him to possess and use certain religious tools and materials, and to arrange for an additional two hours per week to study as a group.  *Id.* at 8.

After careful review, the Court agrees that the RLUIPA claim against Reitz in his individual capacity should be dismissed.  Plaintiff's Complaint makes no request for money damages, but even if, in liberally construing his filing, the Court strained to find a request for

money damages against Reitz in his individual capacity,[1] such a request would fail.  *See Scott v. Lewis*, 827 F. App'x 613 (8th Cir. 2020) (per curiam); *see also Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 460 (6th Cir. 2019) (finding RLUIPA does not authorize monetary judgments against officials in their individual capacities and that a plaintiff cannot use 42 U.S.C. § 1983 to get damages that RLUIPA does not provide); *Landor v. La. Dep't of Corr. & Pub. Safety*, 82 F.4th 337, 345 (5th Cir. 2023) (holding that, under RLUIPA, a plaintiff "cannot seek money damages from officials in their individual capacities").  Thus, Plaintiff has not stated a claim against Reitz in his individual capacity for money damages.

Nor has Plaintiff stated a claim against Reitz in his individual capacity for injunctive relief.  The relief for which Plaintiff prays is prospective injunctive relief against Reitz in his official capacity.  In this way, Plaintiff's RLUIPA claim is "a textbook application of *Ex parte Young*," see *Yellowbear v. Lampert*, 741 F.3d 48, 53 n.1 (10th Cir. 2014) (Gorsuch, J., for the Court), which "permits an injunction against a state official in his official capacity to stop an ongoing violation of federal law," *Randolph v. Rodgers*, 253 F.3d 342, 348 (8th Cir. 2001).  *See* Derek L. Gaubatz, *RLUIPA at Four: Evaluating the Success and Constitutionality of RLUIPA's Prisoner Provisions*, 28 Harv. J.L. & Pub. Pol'y 501, 604 (2005) ("Suits brought under RLUIPA for prospective injunctive relief against state officials in their official capacity fall squarely within the *Ex parte Young* exception to sovereign immunity . . . .").  So, the relief Plaintiff's Complaint actually is seeking is against Defendant Reitz in his official capacity.

---

[1] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (explaining that a document filed pro se is "to be liberally construed"); *see also Bracken v. Dormire*, 247 F.3d 699, 702–03 (8th Cir. 2001) (explaining that while pro se pleadings must be construed liberally, courts must be careful not to "cross the permissible boundary" to reach claims that a complaint "cannot reasonably be construed" to raise).

And it is not just that the relief Plaintiff requests is against Defendant Reitz in his official capacity; Plaintiff's allegations do not at all state a claim that would warrant an injunction against Reitz in his individual capacity.  *Cf. ACLU of Minn. v. Tarek ibn Ziyad Acad.*, 788 F. Supp. 2d 950, 959 (D. Minn. 2011) (noting "unique" circumstances made it "appropriate" to allow the plaintiff's claim for injunctive relief under 42 U.S.C. § 1983 to proceed against the defendants in their individual capacities because of plaintiff's allegations regarding actions taken by the defendants "both within and outside the scope of their official duties").  Indeed, based on Plaintiff's allegations, prospective relief against Reitz in his individual capacity would not even redress Plaintiff's alleged injury in fact.  *See Bird v. Mertens-Jones*, 4:21-cv-04197-KES, 2023 WL 1785572, at *8 (D.S.D. Feb. 6, 2023) ("The injunctive relief [the plaintiff] is seeking—enjoining the implementation of allegedly unlawful decisions and policies at the prison—concerns authority that the defendants have only in their official capacities."); *Jacobs v. Tanchek*, 2:09-cv-00832-PMP, 2009 WL 10678774, at *2 (D. Nev. Sept. 23, 2009) ("[A]ny claim for injunctive relief against Defendant in his individual capacity to take official action as the Labor Commissioner cannot stand."), *aff'd per curiam*, 415 F. App'x 763 (9th Cir. 2011); *see also Cmty. Mental Health Servs. of Belmont v. Mental Health & Recovery Bd. Serving Belmont, Harrison & Monroe Cntys.*, 150 F. App'x 389, 401 (6th Cir. 2005) (explaining a plaintiff should not "sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, *i.e.*, his official capacity").

## CONCLUSION

Though Plaintiff's Complaint says it is against Reitz in his official and individual capacity, simply stating so is not enough.  *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th

Cir. 2003) (per curiam).  Neither the facts Plaintiff pleads nor the relief Plaintiff requests implicates Reitz in his individual capacity.[2]  For that reason, the Court will grant Defendant Reitz's Motion and dismiss the claim against him in his individual capacity.  The claim against Defendant Reitz in his official capacity will remain.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Robert Reitz's Motion to Dismiss Individual Capacity Claims, Doc. [9], is **GRANTED**.

An Order of Partial Dismissal dismissing this action as to Defendant Robert Reitz in his individual capacity will accompany this Memorandum and Order.[3]

Dated this 17th day of January 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] In fact, Plaintiff appears to recognize this reality.  He has filed a Motion to Substitute Defendant Hacker because she retired and has now been replaced by another person.  Doc. [14]; *see also Cmty. Mental Health*, 150 F. App'x at 401 (explaining that an injunction against a state official in her individual capacity would not be "useful" to a plaintiff if the official left her position because the injunction would not transfer to her successor); *Lewis v. Clarke*, 581 U.S. 155, 162 (2017) ("[W]hen officials sued in their official capacities leave office, their successors automatically assume their role in the litigation.").

[3] For the same reasons stated herein, the Order of Partial Dismissal also will dismiss this action as to Defendant Hacker in her individual capacity.  *See* 28 U.S.C. § 1915(e)(2)(b)(ii) (requiring dismissal in an *in forma pauperis* matter if, at any time, the court determines that the action fails to state a claim on which relief may be granted); *see also Kemp v. Waterloo Police Dep't*, 700 F. App'x 558 (8th Cir. 2017) (per curiam).  After dismissing Defendant Hacker in her individual capacity, the Court will grant Plaintiff's Motion to Substitute and replace Defendant Hacker in her official capacity with her successor, Donna Anderson.  *See* Doc. [14]; Fed. R. Civ. P. 25(d).