UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORY R. BALLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-01050-MTS |
| ) | |
| DR. ROBERT REITZ, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration, Doc. [34], in which he asks that the Court reconsider its denial of his Motion to Compel. *See* Doc. [33]. The Case Management Order in this matter was plainly worded. *See* Doc. [26]. It provided that the parties could "immediately engage in discovery" and that such discovery "must be completed by **July 03, 2024**." *Id.* It went on to say that the parties must "file motions to compel in a prompt manner and in **no** event after" July 03, 2024. *Id.* Plaintiff did not, in any way, justify missing this deadline by more than seven weeks. His Motion to Reconsider does not at all show excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B).

Despite the unequivocally clear wording in the Case Management Order, Plaintiff tries to excuse his seven-week misstep based on his status as a pro se litigant. He argues that the Supreme Court has held that documents filed by pro se litigants should be liberally construed. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from compliance

with relevant rules of the procedural and substantive law." *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983) (per curiam); *accord Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *cf. Indiana v. Edwards*, 554 U.S. 164, 185 (2008) (Scalia, J., dissenting) (noting a pro se criminal defendant must "comply with relevant rules of procedural and substantive law" (internal quotations omitted)).

Plaintiff failed to comply with the Court's scheduling Order. "Where a party misses a court-imposed deadline stated in a case management or scheduling order, and then belatedly requests leave of court to take an untimely action, the moving party undertakes a two-part burden." *Federal Trial Handbook: Civil* § 7:10 (2024–2025 Edition). Plaintiff has not met these burdens. He has not shown good cause to amend the scheduling order.[*] Nor has he shown, if the Court modified the schedule, that he would be entitled to the discovery that is the subject of his Motion to Compel. *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, Doc. [34], is **DENIED**.

Dated this 26th day of September 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[*] Even if Plaintiff had made this first required showing, the Court would not consent to modifying the schedule here. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Discovery closed weeks ago, the dispositive motions deadline has passed, and this case is ready for trial.